**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **MARVIN RANDOLPH CLARK,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | )   No. 3:11-CV-1980-L(BF) |
| | ) |
| **JOHNNY BROWN and DR. W. FORTNER,** | ) |
| | ) |
| **Defendants.** | ) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this case to the United States Magistrate Judge for pretrial management. The findings, conclusion, and recommendation of the United States Magistrate Judge follow:

**Factual Background**

Plaintiff was incarcerated at the Ellis County Jail ("Jail") when he filed suit alleging he did not like the medical treatment he was receiving at the Jail. (Compl., doc. 2.) Plaintiff alleged that he preferred medication that was prescribed at a mental hospital to the medicine Dr. Fortner prescribed for him at the Jail. (*Id*.) Plaintiff requested the Court to "transfer [him] back to the mental hospital Green Oaks or to Terrell State Hospital. (*Id*.) The Clerk of Court attempted to deliver a copy of a District Court Order to Plaintiff at his last known address; however, the mail was returned as undeliverable. (Doc. 16.)

Early in this case, the Court had ordered Plaintiff to notify the Court of any change of address by filing a written Notice of Change of Address with the Clerk. Plaintiff was further notified that failure to file such notice might result in the case being dismissed for want of

prosecution. (Doc. 8.)

## Analysis

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Plaintiff has failed to comply with the Court's Order of October 6, 2011, to keep the Clerk advised of his current address. Additionally, Plaintiff has not responded to two Motions to Dismiss. His complaint should be dismissed for want of prosecution.

## RECOMMENDATION

For the foregoing reasons, the Court recommends that the District Court dismiss Plaintiff's complaint without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

Signed, April 16, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after service.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).